# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00690-CV

**A. E., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT
### NO. 842, HONORABLE BEN WOODWARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from a final decree, following a bench trial, terminating the parental rights of a mother, A.E., to her one-year-old daughter, E.M.S.E.  A.E.'s court-appointed counsel has filed a motion to withdraw and an *Anders* brief, concluding that the appeal is frivolous and without merit.[1]  Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds for appeal.[2]  A.E. was provided with a copy of counsel's brief and was advised of her right to examine the appellate record and to file a pro se brief.  No pro se brief has been filed.

---

[1] *See Anders v. California*, 386 U.S. 738, 744 (1967); *see also Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights).

[2] *See Anders*, 386 U.S. at 744; *Taylor*, 160 S.W.3d at 646-47.

At the termination hearing, the district court heard evidence tending to show that A.E. had tested positive for methamphetamines at the time E.M.S.E. was born and had subsequently admitted to using methamphetamines and marihuana during her pregnancy. Christie Antczak, a caseworker for the Texas Department of Family and Protective Services (the Department), testified that the Department had given A.E. a family-service plan, which required, among other things, that A.E. comply with a supervised visitation plan, submit to random drug and alcohol testing, notify the Department of any involvement with law enforcement, and keep the Department informed of her current address and contact information. When asked if A.E. had complied with all of the requirements, Antczak responded that she had not. Antczak also testified that she was not aware of A.E.'s current address, observing that A.E. tended to move from "place to place." She added that on more than one occasion A.E. had lived in a garden shed; another time, she had resided in a "very dirty" house that had no utilities. Antczak further testified that A.E. had last visited the child approximately one year prior to the hearing, after which visitation was stopped based on A.E.'s lack of progress in her service plan and threats by A.E. that she was considering suicide. Antczak also recounted that A.E. had admitted to using methamphetamines and marihuana as recently as four weeks prior to the termination hearing. According to Antczak, A.E. had not demonstrated any ability to provide a home for, or take care of, E.M.S.E. Antczak testified that the Department was recommending termination of A.E.'s parental rights and opined that termination of her parental rights was in the child's best interest.

Additionally, Antczak testified that A.E. had previously had her parental rights to another child terminated. A copy of that termination order was admitted into evidence. The order indicated that A.E.'s rights had been terminated based in part on findings that she had "knowingly

placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child" and "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child."[3]

Other evidence considered by the district court included the testimony of Randall Davis, the Chief of Police of Winters, Texas, who testified that he had been notified several days prior to the termination hearing that A.E. was living in a vacant house. Davis added that he had filed a complaint against A.E. that summer for criminal trespass. Davis also testified that he had earlier responded to a domestic dispute involving A.E. and another individual while A.E. was still pregnant with E.M.S.E. During the incident, Davis testified, A.E. had attempted to cut her wrists with a butcher knife and razor blade. After he had subdued A.E., Davis recounted, he found marihuana in her possession. According to Davis, A.E. told him that she had smoked marihuana during her first pregnancy and that it had "made the baby healthier."

The district court also heard evidence tending to show that E.M.S.E. currently resides with two foster parents and her half-brother, whom the foster parents had previously adopted after A.E.'s parental rights to that child were terminated. Antczak testified that E.M.S.E. has special medical needs and that the child's foster mother, who is a nurse, has been able to monitor and address those needs. Antczak opined that E.M.S.E. was doing "outstanding" in her current placement. The foster mother similarly testified that E.M.S.E. was doing "wonderful," that she was "very bonded" to the family, and that the foster parents intended to adopt her.

---

[3] *See* Tex. Fam. Code § 161.001(1)(D), (E).

At the conclusion of the hearing, the district court granted the Department's requested relief and terminated A.E.'s parental rights. As specified in the termination decree, the district court found by clear and convincing evidence that termination was in the best interest of the child and that A.E. had: (1) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child; (2) had her parent-child relationship terminated with respect to another child based on a finding that her conduct was in violation of section 161.001(1)(D) or (E) of the Family Code; (3) constructively abandoned the child; and (4) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child.[4] This appeal followed.

Having reviewed the record and counsel's brief, we agree that the appeal is frivolous. We find nothing in the record that might arguably support the appeal.[5] We affirm the district court's termination decree and grant counsel's motion to withdraw.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed: April 28, 2015

_____

[4] *See id.* § 161.001(E), (M), (N), (O).

[5] *See Anders*, 386 U.S. at 741-44; *Taylor*, 160 S.W.3d at 646-47.

4